UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| CARRIE CORRIGAN AND SHANE WHELCHEL,<br><br>              Plaintiffs,<br>vs.<br><br>FIRST BANK AND TRUST COMPANY, SYNCHRONY BANK, CITIBANK N.A., KOHLS INC, EQUIFAX INC., EXPERIAN INFORMATION SOLUTIONS, INC., AND TRANS UNION LLC<br><br>              Defendants. | Case No. 20-cv-1515 |

# COMPLAINT

NOW COMES, Plaintiffs Carrie Corrigan and Shane Whelchel by and through their attorney, Heidi N. Miller, and complains of Defendants First Bank and Trust Company, Synchrony Bank, CitiBank N.A, Kohls Inc., Equifax Inc., Experian Information Solutions, Inc., and Trans Union LLC and alleges to the best of their knowledge, information and belief formed after an inquiry reasonable under the circumstances, the following:

## INTRODUCTION

### Nature of the Action

1. This lawsuit arises from Defendants' incorrect credit reporting and failure to reinvestigate Plaintiffs' disputes.

2. Causes of Action herein are brought under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA").

## Jurisdiction and Venue

3. This Court has jurisdiction over the claims arising under the FCRA under 28 U.S.C. § 1331, because this case arises under the laws of the United States.

4. This Court also has jurisdiction under 15 U.S.C. § 1681(p) as it is an action to enforce liability created by the FCRA within two years from the date on which the violation occurred.

5. Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391(b)(1), because this is where the defendants reside. Under 28 U.S.C. § 1391(c), a defendant corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction.

## Parties

6. Plaintiff Carrie Corrigan (Ms. Corrigan) is a natural person who resides in Brown County, State of Wisconsin.

7. Plaintiff Shane Whelchel (Mr. Whelchel) is a natural person who resides in Brown County, State of Wisconsin.

8. First Bank and Trust Company (hereinafter "First Bank") is an FDIC member bank with a principal office address of 2220 6th St., Brookings, SD 57006.

9. Synchrony Bank has a principal office address of 140 Wekiva Spring Rd., Longwood, FL 32779.

10. CitiBank N.A. has a principal office address of 388 Greenwich Street, New York, NY 10013.

11. Kohls Inc. is a domestic corporation with a principal office of N56W17000 Ridgewood Dr., Menomonee Falls, WI 53051 and a registered agent of Corporate Creations Network Inc., 4650 W. Spencer St., Appleton, WI 54914.

12. Defendant Equifax Inc. (hereinafter "Equifax") is a foreign corporation with a principal office of 1550 Peachtree St NW, Atlanta, GA 30309, and a registered agent of The Prentice-Hall Corporation System, Inc., 8040 Excelsior Drive, Suite 400, Madison, WI 53717.

13. Defendant Equifax is a "consumer credit reporting agency," as defined by 15 U.S.C. § 1681a(f) of the Act, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing "consumer reports," as defined in 15 U.S.C. § 1681a(d), to third parties.

14. Defendant Experian Information Solutions, Inc. (hereinafter "Experian") is a foreign corporation with a principal office of 475 Anton Blvd., Costa Mesa, CA 92626, and a registered agent of CT Corporation System, 8040 Excelsior Drive, Suite 200, Madison, WI 53717.

15. Defendant Experian is a "consumer credit reporting agency," as defined by 15 U.S.C. § 1681a(f) of the Act, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing "consumer reports," as defined in 15 U.S.C. § 1681a(d), to third parties.

16. Defendant Trans Union LLC (hereinafter "Trans Union") is a foreign corporation with a principal office of 555 West Adams, Chicago, IL 60661, and a registered agent of The Prentice-Hall Corporation System, Inc., 8040 Excelsior Drive, Suite 400, Madison, WI 53717.

17. Defendant Trans Union is a "consumer credit reporting agency," as defined by 15 U.S.C. § 1681a(f) of the Act, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing "consumer reports," as defined in 15 U.S.C. § 1681a(d), to third parties.

## Factual Allegations

18. In 2018, Ms. Corrigan and Mr. Whelchel filed a Voluntary Amortization of Debts under Wis. Stat. 128 (18-cv-1327, Brown County).

19. Included in this Voluntary Amortization were debts owed to First Bank and Trust Company, Synchrony Bank, CitiBank N.A, and Kohls Inc.

20. In 2020, they paid the claims in full, which included what was owed to First Bank and Trust Company, Synchrony Bank, CitiBank N.A, and Kohls Inc.

21. After the Voluntary Amortization was completed, they obtained their credit reports from Defendants Equifax, Experian, and Trans Union, which showed that several accounts included in the Voluntary Amortization were being reported incorrectly.

22. On multiple occasions they contacted Defendants Equifax, Experian, and Trans Union via the dispute process to inform the credit reporting agencies of the incorrect information. They provided paperwork regarding their Voluntary Amortization.

23. After disputing the information, much of the incorrect information remained.

24. Additionally, some of the credit reporting agencies failed to respond to Ms. Corrigan and Mr. Whelchel's disputes.

**First Bank and Trust Company Tradelines**

25. First Bank was providing information to both Ms. Corrigan and Mr. Whelchel's credit files regarding a Mercury Mastercard.

26. First Bank was reporting incorrect information to Mr. Whelchel's credit file.

27. Mr. Whelchel sent disputes to Trans Union, Equifax, and Experian.

28. Ms. Whelchel received dispute results from Experian.

29. Experian continues to report the First Bank tradeline with past due balance and continues to report an amount written off.

30. Mr. Whelchel did not receive dispute results from his last disputes to Trans Union and Equifax.

31. First Bank was reporting incorrect information to Ms. Corrigan's credit file.

32. Ms. Corrigan disputed this information through Experian.

33. Ms. Corrigan received dispute results from Experian.

34. Experian continues to report that the account was changed off.

**Synchrony Bank Tradelines**

35. Synchrony Bank was providing incorrect information to Mr. Whelchel's credit file, regarding a Lowes account.

36. Mr. Whelchel sent disputes to Trans Union, Equifax, and Experian.

37. Ms. Whelchel received dispute results from Equifax.

38. Equifax continues to report the Synchrony Bank tradeline as a paid chargeoff.

39. Mr. Whelchel did not receive dispute results from his last disputes to Trans Union and Experian.

40. His credit file shows that Experian is currently reporting that $188 was written off.

**CitiBank N.A. Tradelines**

41. CitiBank N.A. was providing incorrect information to Ms. Corrigan's credit file, regarding a Home Depot account.

42. Ms. Corrigan sent disputes to Trans Union, Equifax, and Experian.

43. Ms. Corrigan received dispute results from Equifax.

44. Equifax continues to report the CitiBank tradeline as a paid chargeoff.

45. Ms. Corrigan did not receive dispute results from her last disputes to Trans Union and Experian.

46. Her credit file shows that Experian is currently reporting that $492 was written off.

**Kohls Inc. Tradelines**

47. Kohls Inc. was providing incorrect information to Ms. Corrigan's credit file.

48. Ms. Corrigan sent disputes to Trans Union, Equifax, and Experian.

49. Ms. Corrigan received dispute results from Equifax.

50. Equifax continues to report the Kohls tradeline as a paid chargeoff.

51. Ms. Corrigan did not receive dispute results from her last disputes to Trans Union and Experian.

52. Her credit file shows that Experian is currently reporting that $1,515 was written off.

### Count 1 – Violations of the FCRA, Defendants Experian, Equifax, and Trans Union (15 U.S.C. §1681, *et seq.*)

53. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. Defendants Experian, Equifax, and Trans Union had a duty to reinvestigate Plaintiffs' dispute pursuant to 15 U.S.C. § 1681i.

55. Defendant Experian, Equifax, and Trans Union violated 15 U.S.C. § 1681i by failing to reinvestigate Plaintiffs' dispute and/or provide notice to Plaintiffs of the results of the reinvestigation.

56. As a result of Defendant Experian, Equifax, and Trans Union's violations of 15 U.S.C. § 1681i, Plaintiffs have suffered reduced credit access, reduced credit scores, emotional distress, depression, anxiety, embarrassment, helplessness, hopelessness, and frustration, constituting actual damages. Additionally, Plaintiffs had to pay additional closing costs to purchase a home and a higher interest rate to purchase a vehicle.

57. Defendant Experian, Equifax, and Trans Union's conduct, actions and inaction, were willful, rendering them liable for damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

58. Alternatively, Defendant Experian, Equifax, and Trans Union's violations were negligent, rendering them liable for damages under § 1681o of the Act.

**Count 2 – Violations of the FCRA, Defendants First Bank and Trust Company, Synchrony Bank, CitiBank N.A, Kohls Inc., (15 U.S.C. §1681, *et seq.*)**

59. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

60. Defendants First Bank and Trust Company, Synchrony Bank, CitiBank N.A, and Kohls Inc, prepared, compiled, issued, assembled, and communicated inaccurate, erroneous, and blatantly false consumer information regarding Plaintiffs, as defined in the FCRA.

61. Defendants First Bank and Trust Company, Synchrony Bank, CitiBank N.A, and Kohls Inc. violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation with respect to the disputed information, by failing to review all relevant information available, and by failing to update Plaintiffs' credit reports to accurately reflect account statuses.

62. As a result of Defendants First Bank and Trust Company, Synchrony Bank, CitiBank N.A, and Kohls Inc. failure to correct its erroneous and derogatory credit reporting, Plaintiffs have suffered reduced credit access, reduced credit scores, emotional distress,

depression, anxiety, embarrassment, helplessness, hopelessness, and frustration, constituting actual damages. Additionally, Plaintiffs had to pay additional closing costs to purchase a home and a higher interest rate to purchase a vehicle.

63. Because Defendants First Bank and Trust Company, Synchrony Bank, CitiBank N.A, and Kohls Inc. disregarded notices pertaining to the status of the account, violations of 15 U.S.C. § 1681s-2(b) were willful, entitling Plaintiffs to actual, statutory and punitive damages pursuant to 15 U.S.C. § 1681n(a).

64. Plaintiffs are entitled to attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2).

## **Trial by Jury**

65. Plaintiffs are entitled to, and hereby respectfully demand a trial by jury on all issues so triable.

WHEREFORE, Plaintiffs pray that this Court will enter an Order awarding:

A. Actual damages against Defendants pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1682o(a)(1);

B. Statutory and punitive damages against Defendants pursuant to 15 U.S.C. § 1681n(a);

C. Costs and reasonable attorneys' fees against Defendants pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);

D. For such other and further relief as may be just and proper.

Dated this 29th day of September, 2020.     Respectfully submitted,

By: s/ Heidi N. Miller
Heidi N. Miller (WI # 1087696)
HNM Law, LLC
PO Box 26273
Wauwatosa, WI 53226
(414) 306-7000
Heidi@hnm-law.com

*ATTORNEY FOR PLAINTIFF*

## VERIFICATION OF COMPLAINT AND CERTIFICATION

Pursuant to 28 U.S.C. § 1746, I, Carrie Corrigan, declare under penalty of perjury the following:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_____
Carrie Corrigan

# VERIFICATION OF COMPLAINT AND CERTIFICATION

Pursuant to 28 U.S.C. § 1746, I, Shane Whelchel, declare under penalty of perjury the following:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_____
Shane Whelchel